IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ELISE BURNS and ROBERT FRUGE, | § § | |
| Plaintiffs, | § § | Civil Action No.: 4:17-cv-00016 |
| v. | § § § | |
| COLE JOHNSON; BIGHORN CONSTRUCTION & RECLAMATION, LLC; and LAURO FLORES. | § § § § | |
| Defendants. | § § | JURY REQUESTED |

# COMPLAINT

Plaintiffs, ELISE BURNS and ROBERT FRUGE, by and through their counsel, and for their complaint against DEFENDANTS, allege as follows:

## I.
## PARTIES

1. Plaintiff ELISE BURNS is and was a resident and citizen of the state of Texas and Winkler County at all times relevant to this action.

2. Plaintiff ROBERT FRUGE is and was a resident and citizen of the state of Texas and Winkler County at all times relevant to this action.

3. DEFENDANT COLE JOHNSON ("JOHNSON") is an individual who was and is a resident and citizen of the state of Wyoming at all times relevant to this action. Defendant JOHNSON was the owner of the vehicle which was involved in the collision made the basis of this lawsuit in the State of Texas, specifically in the Western District. This action arises from the subject collision. JOHNSON may be served with process according to Tex. Civ. Prac. & Rem. Code §17.062 by serving the Chairman of the

Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701, who can in turn serve JOHNSON at his last known address, 1100 West Richards, P.O. Box 219, Douglas, WY 82633 or at his mailing address P.O. Box 1512, Douglas WY 82633.

4. DEFENDANT BIGHORN CONSTRUCTION & RECLAMATION, LLC. ("BIGHORN") is a Limited Liability Company organized and/or existing under the laws of Wyoming, and who at all times material and relevant hereto was engaged in business in Texas. Defendant BIGHORN was the owner of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. This action arises from the subject collision. BIGHORN may be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant BIGHORN through is registered agent, Cole JOHNSON, 1100 West Richards, P.O. Box 219, Douglas, WY 82633.

5. DEFENDANT LAURO FLORES ("FLORES") is an individual who was and is a resident and citizen of the state of Colorado at all times relevant to this action. Defendant FLORES was the driver of the vehicle involved in a collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. At all times relevant to this action, FLORES was in the course and scope of his employment with JOHNSON and/or BIGHORN. This action arises from the subject collision. FLORES may be served with process according to Tex. Civ. Prac. & Rem. Code §17.062 by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701, who can in turn serve FLORES at his last known address, 6840 S. River Road, Olathe, CO 81425.

## II.
## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. §1332, in that it is a civil action between Plaintiffs who are Texas citizens, and Defendants who are all citizens of, incorporated in, and/or have their principal place of business in, a state other than Texas, specifically Wyoming and Colorado, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7. Venue is proper within the United States District Court for the Western District of Texas, Pecos Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within United Sates District Court for the Western District of Texas, specifically Winkler County.

## III.
## FACTUAL BACKGROUND

8. On June 24, 2015, FLORES was driving through Kermit, Texas. He was driving 3½-ton Dodge Ram truck owned by JOHNSON and/or BIGHORN.

9. FLORES was headed south on Avenue B approaching the stop sign at Campbell Street. As FLORES approached Campbell Street, he failed to notice that there was a stop sign.

10. FLORES disregarded the stop sign, drove through the intersection and crashed into the vehicle occupied by Plaintiffs Robert Fruge, Elise Burns and their 3-year-old child. Defendant FLORES was in the course and scope of his employment with Defendants JOHNSON and/or BIGHORN at the time of the subject collision.

11. The impact was significant, leaving the front of the Plaintiffs' car barely recognizable.

## IV.
## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (Against FLORES)

12. Plaintiffs incorporate by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action.

13. Defendant FLORES had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiffs' injuries were proximately caused by Defendant FLORES's negligent, careless, and reckless disregard of said duty.

14. Plaintiffs state that the Defendant FLORES was guilty of various acts of negligence and that each of the acts of negligence was a proximate cause of the collision and damages sustained by Plaintiffs. Defendant FLORES, had a duty to exercise ordinary care and operate his vehicle reasonably and prudently at the time of the collision in question. Defendant FLORES breached that duty in committing the various acts of negligence:

   a. Failing to timely and properly control speed and apply his brakes; and

   b. Failing to maintain and keep a proper lookout.

15. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and negligence *per se* which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

16. Plaintiffs further allege that at all times mentioned herein and pertinent hereto that FLORES was operating a vehicle owned, operated and under the control of Defendants JOHNSON and/or BIGHORN with their full consent, permission and knowledge.

## COUNT II
## NEGLIGENCE
### (Against JOHNSON and BIGHORN)

17. All factual allegations set forth hereinabove are adopted into this count as though set forth herein word for word.

18. Defendant FLORES is an individual who, at the time of the events made the basis of this lawsuit, was an employee acting in the course and scope of his employment at JOHNSON and/or BIGHORN. As such, JOHNSON and/or BIGHORN are vicariously liable for the negligent actions of their employee, FLORES.

## COUNT III
## PLAINTIFF ELISE BURNS' DAMAGES
### (As to All Defendants)

19. Plaintiffs incorporate by reference each and every prior paragraph of this Complaint as though set forth in full herein.

20. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

21. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. As a further result of the nature and consequences of her injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment, which will, in all reasonable probability, be suffered in the future;

   g. Loss of earnings and earning capacity in the past and in reasonable probability into the future;

   h. Mental anguish in the past;

   i. Mental anguish which will, in all reasonable probability be suffered in the future;

   j. Disfigurement; and

   k. Loss of household services and loss of use.

## COUNT IV
## PLAINTIFF ROBERT FRUGE'S DAMAGES
### (As to All DEFENDANTS)

23. Plaintiffs incorporate by reference each and every prior paragraph of this Complaint as though set forth in full herein.

24. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

25. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. As a further result of the nature and consequences of his

injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

26.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

   b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering which will, in all reasonable probability, be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which will, in all reasonable probability, be suffered in the future;

   g. Loss of earnings and earning capacity in the past and in reasonable probability into the future;

   h. Mental anguish in the past;

   i. Mental anguish which will, in all reasonable probability, be suffered in the future;

   j. Disfigurement;

   k. Loss of household services and loss of use.

## V.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

27. Plaintiffs hereby incorporate each of the foregoing paragraphs as if set forth in full in this section. Plaintiffs seek prejudgment and post judgment interest at the maximum legal rate.

28. As a result of the injuries suffered by his wife, ELISE BURNS, the Plaintiff ROBERT FRUGE has been, and will in the future be, deprived of the love, affection, and companionship of his wife, thereby suffering a loss of consortium.

## VI.
## JURY DEMAND

29. Plaintiffs demand a trial by jury on all issues of fact and damages in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

30. As to all Counts and all DEFENDANTS, economic and non-economic damages to the Plaintiffs according to proof including as applicable:

   a. Medical care expenses of Plaintiffs according to proof in the past and in reasonable probability will be incurred into the future;
   b. Past and future loss of earnings and earning capacity of Plaintiffs according to proof in the past and in reasonable probability will be sustained into the future;
   c. Other economic loss;
   d. Non-economic damages for Plaintiffs according to proof including as applicable:
   e. Compensation for physical pain in the past and in reasonable probability will be sustained into the future;
   f. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

g. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

h. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

i. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

j. As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiffs according to proof;

k. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiffs as provided by law; and

l. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted this 30th day of March, 2017.

Respectfully submitted,

OF COUNSEL:
D. Miller & Associates, PLLC
Benjamin Kemmey
Texas Bar No. 24094156
2610 W. Sam Houston Parkway Suite 201
Houston, Texas 77042
ben@dmillerlaw.com
Telephone: 713-850-8600
Facsimile: 713-366-3463

/s/Andrew Rubenstein
Andrew Rubenstein
Attorney-In-Charge
Texas Bar No. 17360375
2610 W. Sam Houston Parkway, Suite 200
Houston, Texas 77042
andy@dmillerlaw.com
Telephone: 713-850-8600
Facsimile: 713-366-3463
**ATTORNEYS FOR PLAINTIFFS**